291 So.2d 383

**Edwin James WALDRUP, alias**

**v.**

**STATE.**

**5 Div. 166.**

Court of Criminal Appeals of Alabama.

March 5, 1974.

Rehearing Denied April 9, 1974.

Certiorari Denied May 9, 1974.

See 293 So.2d 828.

Charles M. Ingrum, Opelika, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State, appellee.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant was indicted and convicted by a jury, with a sentence of fifteen years imposed by the court, for unlawful possession of barbituric acid or a derivative thereof, a controlled substance contrary to the provisions of the Alabama Uniform Controlled Substances Act. 1971 Cum.Supp., Vol. 6, p. 156. Title 22, § 258(33)(c)(1), Recompiled Code 1958, effective September 16, 1971. General Acts, 1971, Act No. 1407, p. 2378.

It appears from uncontradicted evidence that the appellant was stopped by police officers in Lee County, and thereupon arrested for reckless driving of an automobile. He was then taken forthwith to the police department. One of the arresting officers testified that in his judgment the appellant was intoxicated.

· At the police department, the officers discovered on the person of the appellant twenty-four capsules—five yellow and fourteen red. The validity of the seizure is not questioned, but it was lawful. Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456. It was there held that the full search of the person of the suspect made incident to a lawful custodial arrest did not violate the Fourth and Fourteenth Amendments.

These capsules were delivered in custodial sequence to the State Toxicologist, Taylor Noggle, a qualified chemist who testified, after the appellant's counsel admitted his qualifications, that he took random samples of the seized yellow and red capsules and determined by chemical tests that the red samples contained secobarbital and the yellow samples contained pentobarbital —each a derivative of barbituric acid.

The trial court, over appellant's objection, admitted all the seized capsules in evidence. The appellant here asserts that not all the capsules were examined and tested by the toxicologist; that the untested capsules were not admissible.

■ The toxicologist testified that the untested capsules had the same physical appearance and characteristics as the random samples that were tested. In addition, all the capsules admitted in evidence were part of the res gestae. Under such circumstances, the trial court did not err in its adverse ruling to appellant's objection.

Appellant did not take the witness stand. He did offer some evidence that his mother obtained the capsules by a physician's

prescription, and here asserts, as well as in the lower court, that he was merely a bailee for his mother for whom the doctor prescribed the capsules. There was sufficient evidence from which the jury could conclude that the prescription was filled for twenty-five yellow capsules, not red capsules; also that appellant had the opportunity of obtaining the capsules unlawfully from the possession of his mother.

█ The verdict of the jury supports the charge in the indictment and is adverse to the contention of the appellant. We are unwilling to disturb. The judgment is due to be and the same is hereby affirmed.

The foregoing opinion was prepared by the Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.